PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD STEVENS, SR., | ) | |
| | ) | CASE NO. 5:23-CV-1035 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| USA INSULATION OF AKRON, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 12] |

Pending before the Court is Defendant USA Insulation of Akron's Motion to Dismiss. ECF No. 12. The motion has been fully briefed. For the reasons below, the Court grants Defendant's motion to dismiss for lack of jurisdiction.[1]

**I.     Background**

Plaintiff Edward Stevens brings this claim for personal and property injuries under the Magnuson-Moss Warranty Act ("MMWA") and other state law claims. ECF No. 1 at PageID#: 1. He alleges deflation of his home's property value, serious health problems, and extreme emotional distress because Defendant negligently installed insulation at his home. ECF No. 1 at PageID#: 1. Plaintiff paid $5,480, and Defendant completed the work. ECF No. 1 at ¶ 6. Plaintiff alleges that the agreement includes deceptive warranty practices and fails to comply with Ohio law. See ECF No. 1 ¶¶ 7–15. Plaintiff claims Defendant violated the MMWA and

---

[1] Because, as indicated below, the Court lacks subject-matter jurisdiction, the Court does not address Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismisses the Complaint without prejudice.

(5:23-CV-1035)

Ohio Consumer Sales Practices Act, breached their contract, committed fraud, and acted negligently.  ECF No. 1 at PageID#: 7–12.  Plaintiff requests $250,000 in compensatory damages, an injunction requiring proper installation of insulation in his home, $100,000 in punitive damages, costs, and attorney fees.  ECF No. 1 at PageID#: 12–13.

Defendant moves the Court to dismiss Plaintiff's claims for lack of subject-matter jurisdiction, arguing that Plaintiff does not satisfy the MMWA amount-in-controversy requirement.  ECF No. 12-1 at PageID#: 73.  Plaintiff argues that the value of his home and medical bills, satisfy the jurisdictional requirement.  ECF No. 19 at PageID#: 103.  Defendant replies that Plaintiff fails to provide any reasonable basis for his claim of $250,000 in damages. ECF No. 22 at PageID#: 118.

## II.     Standard of Review

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of claims when a court lacks subject-matter jurisdiction.  Rule 12(b)(1) motions "fall into two general categories: facial attacks and factual attacks."  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  A facial attack questions the sufficiency of the pleading, while a factual attack challenges the factual existence of subject matter jurisdiction.  *Id.*  When reviewing a facial challenge, the court is to "take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party."  *Id.*  When the challenge is factual, "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Id.*

## III.    Discussion

Plaintiff alleges federal question jurisdiction under the MMWA, 15 U.S.C. § 2301, *et seq*. The MMWA requires a minimum amount to confer federal jurisdiction, excluding claims "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs)

2

(5:23-CV-1035)

computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). To successfully challenge this requirement, a defendant has the burden of proving to a "legal certainty" that the plaintiff fails to satisfy the amount-in-controversy requirement. *Bennett v. CMH Homes, Inc.*, 770 F.3d 511, 514 n.2 (6th Cir. 2014). The question is whether "from the face of the pleadings, it is apparent, to a legal certainty that the plaintiff cannot recover the amount claimed of . . . ." *Golden v. Gorno Bros, Inc.*, 410 F.3d 879, 886 (6th Cir. 2005) (Moore, J., dissenting).

Plaintiff fails to allege an amount in damages for his MMWA claim.[2] He "demands judgment . . . in an amount to be proved at trial." ECF No. 1 at PageID#: 9. Under the MMWA, Plaintiff is limited to the remedies permitted by Ohio warranty. *See Golden v. Gorno Bros, Inc.*, 410 F.3d 879, 882 (6th Cir. 2005) (determining available remedies under state warranty law). Ohio law states: "[t]he measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." Ohio Rev. Code § 1302.88. Plaintiff does not allege this amount. He instead states that his home is worth $197, 400. ECF No. 19 at PageID#: 104. The relevant standard is the difference in the property's value from the breach, not the property's value alone.[3]

---

[2] While Plaintiff argues that he clearly sets forth the amount in controversy in his Complaint, *see* ECF No. 19 at PageID#: 104, he over looks the amount-in-controversy requirement for his MMWA claim. Without greater articulation, Plaintiff's blanket request for $250,000 does not satisfy the MMWA requirement.

[3] Even if it were the relevant standard, the Sixth Circuit has held that houses are not consumer products covered by the MMWA. *Bennett v. CMH Homes, Inc.*, 770 F.3d 511, 515 (6th Cir. 2014).

3

(5:23-CV-1035)

When a plaintiff fails to allege an amount in controversy under a MMWA claim, the Court determines the amount using one of two Sixth Circuit tests. The first test calculates the amount for claims revoking acceptance of a contract. Under this test, the amount is the difference between the cost of a replacement and the present value of the product, exclusive of finance charges. *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 885 (6th Cir. 2005). The second test calculates the amount for a recission of contract claim. In this test, the Court looks to the contract amount excluding offset. *See Harnden v. Jayco, Inc.*, 496 F.3d 579, 582 (6th Cir. 2007) ("What is truly in dispute is . . . the amount of Harnden's contract, without offset").

Plaintiff, effectively, asks for rescission of the contract, because he brings his MMWA claim alongside a breach of contract claim. ECF No. 1 at PageID#: 9. Therefore, the *Harnden* test applies. *See Harnden*, 496 F.3d at 582 (finding plaintiff's breach of contract claim to resemble recission as opposed to revocation of acceptance). The parties do not dispute that the contract amount was $5,480, well below $50,000. ECF No. 1 at ¶ 6; ECF No. 12-1 at PageID#: 73. Accordingly, Plaintiff can recover no more than the contract amount under this claim.

Plaintiff asks the Court to add incidental and consequential damages, namely medical bills, to satisfy the amount in controversy. However, he provides no allegations as to these amounts. He, instead, asks the Court to rely on his conclusory allegation that this amount is sufficient. The Court cannot base jurisdiction on such guesswork. *See Peterson v. Toyota Motor Sales U.S.A., Inc.*, No. 10-12563, 2010 WL 3867068 at *2 (E.D. Mich. Sept. 27, 2010) (finding that defendant's speculative claim of incidental and consequential damages was insufficient to establish jurisdiction). The Court finds that Defendant has established with legal certainty that Plaintiff fails to plead the amount-in-controversy required to confer federal jurisdiction under the MMWA.

4

(5:23-CV-1035)

Because Plaintiff fails to meet the amount-in-controversy requirement necessary to confer federal jurisdiction, the Court lacks subject-matter jurisdiction over his MMWA claim.[4] 15 U.S.C § 2310(d)(1)(A). Accordingly, Plaintiff's Complaint is dismissed without prejudice.[5]

### IV. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 12) is granted for lack of jurisdiction over Plaintiff's only federal claim. Because it lacks jurisdiction, the Court does not address Defendant's motion to dismiss for failure to state a claim. Plaintiff's Complaint is dismissed without prejudice.

IT IS SO ORDERED.

| January 23, 2024 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[4] Plaintiff does not allege diversity jurisdiction, and there is no indication that the parties are diverse. See ECF No. 1 at PageID#: 1–2.

[5] Because the Court lacks subject-matter jurisdiction over Plaintiff's federal claim, the Court does not have supplemental jurisdiction over his state claims. *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) ("If the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can *never* exist.") (emphasis in original).